UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                    )
                                          )
Sylvia Thompson,                          )        Case No.: 17-02877-JCO
                                          )
      Debtor.                             )

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on January 25, 2018 for Confirmation of the Debtor's Chapter 13 Plan of Reorganization and the oral Objection to Confirmation of the Chapter 13 Trustee. In particular, the Chapter 13 Trustee objects to the Debtor's post-petition voluntary contributions to her 401(k) retirement plan on the grounds that the amount of such contributions should be considered disposable income and the Debtor should be required to dedicate those amounts to her Chapter 13 Plan. For the reasons set forth below, the Court overrules the objection of the Chapter 13 Trustee and confirms the Debtor's Chapter 13 Plan of Reorganization.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and the Court has authority to enter a final order.

## FINDINGS OF FACT

Debtor filed her petition for bankruptcy protection pursuant to Chapter 13 of Title 11 of the United States Code on August 2, 2017 (hereinafter the "Petition Date"). Debtor's Petition and Schedules show that she is employed as a team member at Wal-Mart and her gross pay is $1,873.91 per month. Debtor's Schedules I and J showed disposable income of $294.63, which

includes a deduction in amount of $37.48 per month as a voluntary contribution to her 401(k) retirement plan with Wal-Mart.

Also on the Petition Date, the Debtor filed her Chapter 13 Plan in which she proposed to pay $294.00 per month to fund her Plan. The amount to be paid into the Plan is consistent with the Debtor's disposable income on Schedules I and J. This Debtor is a below median income Debtor. At her confirmation hearing, Debtor testified that she had consistently contributed to her 401(k) retirement plan for at least the six months preceding the Petition Date, and that her pre-petition contributions totaled $237.59. She further testified that her contribution to the 401(k) retirement plan was voluntary and not mandated by her employer, Wal-Mart. Finally, the Debtor testified (and Debtor's schedules reflect) that she has no rent or mortgage expense, that her total living expenses are only $1066/month, and that she does not have any room to further cut her expenses.

The Chapter 13 Trustee has objected to the Debtor's Plan on the grounds that the long-standing practice in the Southern District of Alabama has been that Debtor's cannot continue voluntary contributions to 401(k) retirement plans post-petition and cannot deduct such payments from disposable income. The Debtor has responded that current case law allows the Debtor to deduct voluntary 401(k) contributions post-petition under certain circumstances. Namely, that the Debtor can demonstrate that the post-petition contributions are consistent with the pre-petition activity of the Debtor and that the Chapter 13 Plan has been proposed in good faith.

CONCLUSIONS OF LAW

A. Statutory Interpretation

When interpreting statutory language, Courts must enforce the statute as written if the language of the statute is plain. Courts should follow the plain meaning of that statute unless it would create a bizarre result. *Demarest v. Manspeaker,* 498 U.S. 184 (1991). It is a "cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence or work shall be superfluous, void, or insignificant." *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).

B. Property of the Estate and Disposable Income

The Statute defines what is considered property of the Estate. An Estate is created at the time of the filing of the Bankruptcy proceedings. The Estate includes a debtor's legal and equitable interests in property unless excluded by statute. 11 U.S.C § 541(a). Further, in a Chapter 13 case, the property of the Estate includes assets acquired after the commencement of the case. 11 U.S.C. §1306(a)(1). Property of the estate is set out in §541(b)(7), but specifically does not include "any amount withheld by an employer from the wages of employees for payment as contributions to an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 . . . ." §541(b)(7). There is also a hanging paragraph that states "except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2)." § 541(b)(7)(i)(I).

Disposable income is determined under 11 U.S.C. § 1325(b)(2) and is based upon debtor's current monthly income less amounts reasonably necessary to be expended for the maintenance or support of the debtor and/or dependents. § 1325(b)(2). This section and the hanging paragraph in § 541(b)(7) create the question of whether 401(k) contributions are allowed

necessary expenditures despite the omission of 401(k) contributions from the list of necessary expenses provided by the statute.

There is a decided split of authority among the Circuits regarding the treatment of voluntary 401(k) contributions post-petition. Some bankruptcy courts have placed retirement contributions completely outside the plan by honing in on the phrase "shall not constitute disposable income" found in the hanging paragraph of 541(b)(7) and using the plain language of the statute. This has resulted in an interpretation that a Chapter 13 Debtor may make voluntary post-petition contributions to a retirement plan up to the statutory maximum allowed, regardless of whether the Debtor was making any such contributions pre-petition. *In Re Johnson,* 346 B.R. 256 (Bankr. S.D. Ga. 2006). At least two other courts have gone to the opposite extreme, holding that the Debtor cannot make voluntary post-petition contributions to a retirement plan in any amount. *In Re Prigge*, 441 B.R. 667 (Bankr. D. Mont. 2010); *In Re McCullers*, 451 B.R. 498 (Bankr. N.D. Cal. 2011).

Finally, there is a growing majority of bankruptcy courts that are taking a middle ground position: that the Debtor can make post-petition voluntary contributions to a retirement plan to the extent the Debtor can demonstrate that the post-petition contributions are consistent with the Debtor's pre-petition behavior and can also demonstrate that the Debtor's Chapter 13 Plan was proposed in good faith. *See In Re Garza*, 575 B.R. 736 (Bankr. S.D. Tex. Aug. 15, 2017); *Seafort v. Burden (In Re Seafort),* 669 F.3d 662 (6th Cir. 2012).

This Court is persuaded that the middle ground position is the better reasoned approach. This limitation applies to voluntary 401(k) contributions. Voluntarily saving for retirement is a prudent financial decision. Nevertheless, inside bankruptcy, such voluntary contributions must come with limits and be balanced against the general policy that debtors who can afford to pay

their creditors be required to do so. This Court concludes that where, as here, the debtor can demonstrate that she has been making voluntary contributions to a 401(k) on a consistent basis pre-petition, that the debtor should be allowed to continue making those same contributions post-petition, subject to the condition that the plan must be proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

This good faith requirement applies to post-petition voluntary retirement contributions in all circumstances, even those situations where the debtor can establish a pattern and practice of pre-petition voluntary retirement contributions. However, in the instant case there is no basis for concluding that the Debtor's Chapter 13 Plan was not proposed in good faith. The Debtor has very low monthly expenses and is only requesting to make a modest contribution to her 401(k). There is nothing to indicate that the Debtor has engaged in any pre-petition misconduct or inflated her voluntary contributions prepetition in an effort to secure more of her income for herself. There is also no indication that the Debtor is not sincere in her desire to save for her retirement. As such, the Court finds that the Debtor's Chapter 13 Plan has been proposed in good faith.

CONCLUSION

This Court holds that under the facts of the case before it, the Debtor's Chapter 13 Plan is due to be and hereby is confirmed. The Debtor has established that she made the voluntary contributions to her 401(k) retirement plan for at least the six months prior to filing bankruptcy and the amount of the post-petition contribution is consistent with her pre-petition contributions. Further, the Debtor has established that her Chapter 13 Plan is proposed in good faith.

This court further holds that reasonable voluntary retirement contributions are not disposable income when the Debtor has made those contributions on a consistent basis prior to

the filing of the Chapter 13, there has been no increase in said contributions in the 6 months leading to the filing of the Chapter 13 case, the contributions are within the boundaries of the amounts allowed by law, and the Plan has been proposed in good faith.

Finally, nothing in this Order shall be construed to prevent the Chapter 13 Trustee from objecting to confirmation of a Debtor's Chapter 13 Plan on the basis that the proposed voluntary 401(k) contributions are unreasonable under the totality of the facts and circumstances of that case.

Dated: February 28, 2018

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE